STATE OF VERMONT

ENVIRONMENTAL COURT

| | |
|---|---|
| Appeal of Green Meadows Center, LLC | Docket No. 208-12-01 Vtec |
| } | |
| } Docket No. 152-9-01 Vtec | |
| Appeal of Tierney, et al. } | |
| } Docket No. 179-10-99 Vtec | |
| Appeal of Gilberg, et al. } | |

Decision and Order on Motion to Dismiss Parties

All three of the above-captioned cases involve the same property in Wilmington, Vermont. Docket Nos. 208-12-01 Vtec and 152-9-01 Vtec are appeals from aspects of a Planned Unit Development for the property, and have been consolidated with each other. Docket No. 179-10-99 is an appeal of a 1999 proposal for the property; the older case may become moot depending upon the outcome of the two newer appeals. In each of these cases, Michael and Ellen Gilberg now represent themselves; Patricia Tierney, John Scott, Louis Beaudette and Cynthia Beaudette are represented by Robin L. Stern, Esq.; the Town of Wilmington is represented by Richard M. Gale, Esq.; and the Applicants Green Meadows Center, LLC, Southeast Vermont Community Action, and The Community Alliance are represented by Richard D. Perra, Esq. Two citizens of Wilmington: Jennifer Fitzgerald and Clifford Duncan, also have entered their appearance as interested parties, representing themselves.

The Applicant has moved to dismiss Ms. Fitzgerald and Mr. Duncan as parties to this matter for lack of party status under either 24 V.S.A. § 4464(b) or V.R.C.P. 24.

The zoning statute provides for party status of the landowner and of the municipality and state, and also provides two distinct categories of party status for neighbors and other concerned citizens. Under 24 V.S.A. § 4464(b)(3), individuals who own or occupy property in the "immediate neighborhood" of the proposed project may obtain party status. "Immediate neighborhood" has been interpreted as the potential for being affected by an aspect of the project regulated by zoning; for example, living down a road that could be affected by the traffic from the project. Concerned citizens of a town who do not own or occupy property in the " immediate neighborhood" do not qualify for party status under this section. § 4464(b)(3). Neither Ms. Fitzgerald nor Mr. Duncan has asserted that they own or occupy property in the " immediate neighborhood" to qualify under this section.

Concerned citizens who do not otherwise have a direct interest in the project may nevertheless qualify for party status under § 4464(b)(4), but they can only qualify as a group of ten or more concerned property owners within the town. Ms. Fitzgerald and Mr. Duncan cannot qualify under this section as they did not file as members of a group of ten or more.

Litigants who do not qualify for party status under 24 V.S.A. § 4464(b) may be permitted to intervene if they qualify under V.R.C.P. 24. In the present case, however, neither Ms. Fitzgerald nor Mr. Duncan has claimed a legally-cognizable interest relating to the property which is the subject of the action, nor claimed to be so situated that the disposition of the action may as a practical matter impair or impede either's ability to protect that interest. Moreover, the interest they have claimed in this litigation at the present time is adequately represented by existing parties; that is, by the Gilbergs and the parties represented by Attorney Stern, and possibly also by the Town. V.R.C.P. 24(a)(2).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Applicant's Motion to Dismiss Ms. Fitzgerald and Mr. Duncan as parties is GRANTED, without prejudice. Due to their interest in the proceedings the Court will keep them on the service list as informational parties only, to receive notices of hearing. They may, of course, testify as fact witnesses in the proceedings, if the remaining parties wish to call them as witnesses.

Done at Barre, Vermont, this 25th day of March, 2002.


_____
Merideth Wright
Environmental Judge